**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

***Electronically Filed***

| | |
|---|---|
| FEIT ELECTRIC COMPANY, INC.,<br>*Plaintiff,*<br>v.<br>LEDVANCE LLC,<br>*Defendant.* | Civil Action No. 5:24-CV-00031-DCR<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT LEDVANCE LLC's ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant LEDVANCE LLC ("Defendant" or "LEDVANCE"), through its undersigned counsel, hereby answers the Complaint (D.N. 1, "the Complaint") of Feit Electric Company, Inc. ("Plaintiff" or "Feit Electric") and responds to the allegations and characterizations in the following paragraphs. LEDVANCE denies each and every allegation contained in Plaintiff's Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. LEDVANCE denies that Plaintiff is entitled to the relief requested in the Complaint or to any other relief.

## NATURE OF THIS ACTION[1]

1. LEDVANCE admits that Plaintiff purports this lawsuit to be an action for patent

[1] LEDVANCE believes that no response is required to the headings in the Complaint. To the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

infringement under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*.

**THE PARTIES**

2. LEDVANCE is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 2 and, on that basis, denies those allegations.

3. LEDVANCE is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 3 and, on that basis, denies those allegations.

4. Admitted.

5. Denied.

**JURISDICTION AND VENUE**

6. LEDVANCE admits that it imports, offers to sell, sells and/or uses products in the United States. LEDVANCE is without sufficient information to form a belief regarding the remaining allegations in Paragraph 6 and, on that basis, denies those allegations.

7. Admitted.

8. LEDVANCE admits that the Court has personal jurisdiction over it. Paragraph 8 otherwise contains legal conclusions to which no response is required. To the extent a response is required, LEDVANCE denies the allegations.

9. LEDVANCE admits that venue is proper in this District. Paragraph 9 otherwise contains legal conclusions to which no response is required. To the extent a response is required, LEDVANCE denies the allegations.

**THE ASSERTED PATENT**

10. LEDVANCE admits that the title on the face of the '678 patent is "Wavelength Conversion Component With a Diffusing Layer," and that the face of the '678 patent indicates it was issued by the United States Patent and Trademark Office ("PTO") on December 10, 2013. LEDVANCE admits that Exhibit A appears to be a true and correct copy of the '678 patent.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, LEDVANCE denies the allegations in Paragraph 11.

12. LEDVANCE admits that it received a letter dated December 12, 2023 ("the Letter").[2] The Letter speaks for itself and is the best source for its content. LEDVANCE otherwise denies the allegations in Paragraph 12.

**THE ACCUSED PRODUCTS**

13. LEDVANCE is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 13 and, on that basis, denies those allegations.

14. LEDVANCE is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 14 and, on that basis, denies those allegations.

15. LEDVANCE is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 15 and, on that basis, denies those allegations.

16. LEDVANCE is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 16 and, on that basis, denies those allegations.

17. LEDVANCE is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 17 and, on that basis, denies those allegations.

18. Denied.

**INFRINGEMENT OF THE '678 PATENT**

19. Denied.

20. Denied.

21. Denied.

[2] Plaintiff refers to the December 12, 2023 letter as "the Notice Letter" in its Complaint. To the extent a response is deemed required and to the extent this characterization could be construed to contain factual allegations or legal conclusions, those allegations are denied.

22. Denied.

23. Denied.

## WILLFUL INFRINGEMENT

24. LEDVANCE admits it received the Letter. The Letter speaks for itself and is the best source for its content. LEDVANCE otherwise denies the allegations in Paragraph 24.

25. LEDVANCE is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 25 and, on that basis, denies those allegations.

26. LEDVANCE admits that in the Letter, Feit Electric stated that it "owns a set of patents directed to cover or mask the yellow/orange appearing phosphor and silicone coating on LED packages, including but not limited to filament LED packages and SMD LED packages:" and that U.S. Patent No. 8,604,678 is one listed patent. The Letter speaks for itself and is the best source for its content. LEDVANCE otherwise denies the allegations in Paragraph 26.

27. LEDVANCE admits that in the Letter, Feit Electric stated that: "We have reason to believe that your company may make, have made, offer for sale, and/or sell lamps incorporating white LED filament packages into the United States. It is highly likely that such white LED filament packages will infringe one or more of the noted patents." The Letter speaks for itself and is the best source for its content. LEDVANCE otherwise denies the allegations in Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## PRAYER FOR RELIEF

LEDVANCE denies that Plaintiff is entitled to any of the relief sought in the prayer for relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in this Answer, LEDVANCE further responds to the Complaint with the defenses set forth below. LEDVANCE expressly reserves the right to supplement this Answer, including the right to assert additional defenses, as more information is learned through discovery and further factual investigation in this case. LEDVANCE does not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden of proof.

### First Defense
### (Non-Infringement)

LEDVANCE does not infringe directly or indirectly, literally or under the doctrine of equivalents, one or more valid claims of the ’678 patent.

### Second Defense
### (Invalidity)

One or more claims of the ’678 patent are invalid for failure to comply with one or more of the conditions for patentability, including, but not limited to, inventorship, utility, novelty, non-obviousness, enablement, definiteness, and written description, as set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### Third Defense
### (Limitation of Damages and Costs)

Plaintiff’s claim for damages and costs under Title 35 of the United States code is limited, in whole or in part, by one or more of 35 U.S.C. §§ 287, 288.

### Fourth Defense
### (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys’ fees against LEDVANCE pursuant to 35 U.S.C. § 285.

**Fifth Defense**
**(No Willful Infringement)**

LEDVANCE has not willfully infringed any claim of the ’678 patent.

**Sixth Defense**
**(Prosecution History Estoppel)**

Plaintiff’s claims are barred, in whole or in part, by the doctrine of prosecution history estoppel, which bars Plaintiff from taking positions with respect to the scope of any asserted claim that has been surrendered during the prosecution of one or more claims of the ’678 patent.

**Seventh Defense**
**(Additional Defenses)**

LEDVANCE reserves the right to seek leave to amend its Answer to plead additional defenses, and/or to supplement existing defenses, as such additional or existing defenses may become apparent in the course of discovery and LEDVANCE’s ongoing investigation.

## COUNTERCLAIMS TO PLAINTIFF’S COMPLAINT

Without admitting any of the allegations of Plaintiff, other than those expressly admitted herein, and without prejudice to the rights of LEDVANCE LLC (“LEDVANCE” or “Counterclaim Plaintiff”) to plead additional Counterclaims as the facts of the matter warrant, Counterclaim Plaintiff hereby submits these counterclaims against Feit Electric Company, Inc. (“Feit Electric” or “Counterclaim Defendant”):

## THE PARTIES

1. Counterclaim Plaintiff LEDVANCE LLC is a Delaware limited liability company with headquarters in Wilmington, Massachusetts, with its principal place of business located at 181 Ballardvale Street, Wilmington, Massachusetts 01887.

2. On information and belief, Counterclaim Defendant Feit Electric is a California corporation with its principal place of business at 4901 Gregg Road, Pico Rivera, CA 90660, Los Angeles County.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties that the patent asserted by Feit Electric, U.S. Patent No. 8,604,678 ("the '678 patent"), is invalid, not infringed, and/or unenforceable.

4. In view of Counterclaim Defendant filing its Complaint, and in view of Counterclaim Plaintiff's defenses to the Complaint, there exists an actual and justiciable controversy between the parties regarding the validity, alleged infringement, and enforceability the '678 patent.

5. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. § 1, *et seq.*

6. Counterclaim Defendant has consented to personal jurisdiction for the Counterclaims by filing of the original Complaint in this matter.

7. Venue is proper in this District under 28 U.S.C. § 1404 because Counterclaim Defendant filed its Complaint in this District.

## COUNTERCLAIM I
## (Declaratory Judgment of Invalidity of the '678 Patent)

8. Counterclaim Plaintiff repeats and realleges Paragraphs 1 to 7 of its Counterclaims as if fully set forth herein.

9. By its Complaint, Counterclaim Defendant asserts that the ’678 patent is valid. Counterclaim Plaintiff has denied this allegation and contends that the ’678 patent is invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

10. The claims of the ’678 patent are invalid in light of prior art that was published or was otherwise available to the public before the earliest possible priority date of the ’678 patent. As a non-limiting example, at least claim 1 of the ’678 patent is invalid in view of U.S. 7,791,093 (“the ’093 patent”).

11. The ’093 patent is titled *LED with particles in encapsulant for increased light extraction and non-yellow off-state color*.

12. The ’093 patent issued on September 7, 2010 from an application filed on March 5, 2009.

13. The ’093 patent is prior art to the ’678 patent under at least pre-AIA 35 U.S.C. § 102(a).

14. The ’093 patent is prior art to the ’678 patent under at least pre-AIA 35 U.S.C. § 102(e).

15. The application which issued as the ’093 patent published as US 2009/0057699 (“the ’699 Publication).

16. The ’699 Publication was published on March 5, 2009.

17. The ’699 Publication is prior art to the ’678 patent under at least pre-AIA 35 U.S.C. §102(b).

18. The ’699 Publication discloses a wavelength conversion component for a light emitting device.

19. The ’699 Publication discloses a wavelength conversion layer comprising particles of at least one photoluminescence material.

20. With reference to Figure 2, the ’699 Publication discloses a wavelength conversion component comprising “a phosphor layer 30 [] formed over the top of the LED for wavelength-converting the blue light emitted from the active layer 14.” [¶ 0027]

21. The ’699 Publication discloses a light diffusing layer comprising particles of a light scattering material wherein the light diffusing layer improves an off-state white appearance of the wavelength conversion component.

22. The ’699 Publication discloses an embodiment wherein “sub-micron size granules of $TiO_2$, $ZrO_2$, or other white colored non-phosphor inert granules are mixed with a silicone encapsulant and applied over an LED.” Abstract.

23. The ’699 Publication discloses that “[i]f the LED has a yellowish YAG phosphor coating, the white granules in the encapsulant make the LED appear whiter when the LED is in an off state, which is a more pleasing color when the LED is used as a white light flash in small cameras.” Abstract.

24. The ’699 Publication discloses a wavelength conversion component that is configured such that in operation a portion of excitation light comprising blue light having a wavelength of greater than or equal to 440 nm generated by the light emitting device is emitted through the wavelength conversion component to contribute to a final visible emission product.

25. An actual and justiciable controversy has arisen between Counterclaim Defendant and Counterclaim Plaintiff concerning the validity of the ’678 patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Counterclaim Plaintiff is entitled to judgment from this Court that the ’678 patent is invalid pursuant to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**PRAYER FOR RELIEF**

Wherefore, Counterclaim Plaintiff respectfully requests that the Court enter judgment in its favor and award it the following relief:

A. A declaration that the claims of the ’678 patent are invalid; and

B. Any other and further relief the Court deems appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Counterclaim Plaintiff demands a trial by jury of all issues in this action so triable.

Respectfully submitted,

/s/ *Cory J. Skolnick*

Cory J. Skolnick
Carrie M. Mattingly
FROST BROWN TODD LLP
400 West Market Street, Suite 3200
Louisville, Kentucky 40202
T: (502) 589-5400
F: (502) 581-1087
cskolnick@fbtlaw.com
cmattingly@fbtlaw.com

OF COUNSEL:

Srikanth K. Reddy (*pro hac vice* filed concurrently herewith)
Brian T. Drummond (*pro hac vice* filed concurrently herewith)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

*Counsel for Defendant LEDVANCE LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Cory J. Skolnick*

*Counsel for Defendant LEDVANCE LLC*

0134061.0783752 4882-9751-6476